BARTLETT GOULD *versus* JASON M. CARLTON, *Adm'r.*

In the trial of an appeal from the decision of commissioners of an insolvent estate, the creditor cannot testify in his own behalf, as matter of right, but the statute leaves it discretionary with the Court to require him to do so on motion of the defendant, when the discovery of the truth seems to render it necessary.

In the trial of such an action, the plaintiff cannot recover in his own name upon an unindorsed negotiable promissory note signed by the intestate, and made payable to a person other than the plaintiff, in the absence of any proof of a promise by the maker to pay it to the plaintiff.

Such appeal may be brought in the county where the administrator resides, although administration was granted and all proceedings in probate were had in another county.

A husband may recover in his own name for the personal services of his wife.

ON EXCEPTIONS.

The defendant, in his capacity of administrator of the estate of Samuel R. Cottle, late of Windsor, in the county of Kennebec, on the fourth Monday of June, A. D., 1865, appealed from the decision of the commissioners of insolvency on said estate, allowing certain claims presented to them by the plaintiff against the estate. The commissioners were appointed by the Judge of Probate for the county of Kennebec, where administration was granted, and where all proceedings in probate relating thereto have been had, except that the commissioners were, and still are, inhabitants of Whitefield, in this county, in which latter named town the commissioners held all their official meetings.

On September 1, 1865, the plaintiff sued out the writ in this action, from the clerk's office for this county, declaring for money had and received, claiming $1118,80, with interest thereon from the 26th (Monday) of June, 1865, and annexing thereto the following specification of his claims : —

"Schedule of the plaintiff's claims sued in this action and allowed by the commissioners of insolvency June 26, 1865, viz. : — "For five promissory notes, each dated Oct. 8, 1849, signed by Samuel R. Cottle, and payable to one John Cottle, or his order, as follows : — One for $113, payable in one year from date with interest; one other for $105, payable in six months ; one other for $100, payable in one year with interest; one other for $77, payable in ten months with interest; one other for $70, and payable in three months ; on which there was due on said 26th of June, the sum of $888,54."

"Also an account which is as follows : —

"Samuel R. Cottle to Bartlett Gould, Dr.

| | | |
|---|---|---:|
| 1860. Dec. 23. | To 240 lbs. of beef at 5 cts. per lb., | $12 00 |
| Dec. 27. | To 2½ months labor of my son at $15 per month, | 37 50 |
| 1861. Mar. 28. | To cash paid you, ten dollars, | 10 00 |
| April 9. | To 48 lbs. of corned beef at 6 cts. per lb., | 2 88 |
| " | To 11½ lbs. of tallow at 12 cts. per lb., | 1 32 |
| April 15 to June 28, 1862. | To 2½ months labor of my son, | 40 00 |
| | To eleven months and ten days labor of my son, from April 5th, to July 28th, and Aug. 9th, to March 28th, | 170 70 |
| June 30, 1862. | To labor done by my wife, to Dec. 6, | 46 00 |
| Dec. 20, 1862. | To labor done by my wife, to March 5, 1863, | 25 00 |
| | To service of my horse and wagon conveying my wife from my house to John Cottle's, | 28 50 |

Gould *v.* Carlton.

"On which account was allowed the plaintiff, by said commissioners of insolvency, on said 26th day of June, the sum of $230,26."

The defendant pleaded the general issue; but before pleading, he objected, that the action should not have been brought and prosecuted in the county of Lincoln, but in the county of Kennebec, where administration on said estate was granted. The Court ruled that the action was rightly commenced and prosecuted, the administrator being an inhabitant of this county; and overruled the defendant's objection.

There was evidence tending to show that the five notes, which are specified in the plaintiff's schedule of claims, and which are not indorsed by the payee of them, were given to the plaintiff by the payee, on July 21, 1862, the promissor being then alive, in discharge of an account which plaintiff claimed he then had against said payee. The defendant contended that there being no indorsement of the notes, and no evidence of any express promise on the part of defendant's intestate to pay either of them to the plaintiff, the mere delivery of them to the plaintiff by the payee, under such circumstances, would not authorize this action upon them, in the plaintiff's name; but the Court ruled otherwise, and so instructed the jury.

It appeared that defendant's intestate died in the month of February, 1864, and said John Cottle, his father and sole heir at law, in March following.

The defendant neither testified in the case nor was he offered as a witness; but, against the defendant's objection, the plaintiff was admitted as a witness generally, and, *inter alia*, testified (defendant objecting) as to the settlement of his account with John Cottle, the giving of the notes to him by said John, in discharge of an account of about $200,00, which he claimed was due to him from said John Cottle; and as to the services of his son and of his wife, as specified in his account, and as to the value of their services.

The plaintiff's wife, who is a daughter of said John Cot-

tle, was admitted to testify and did testify generally in the case, against the defendant's objection, seasonably made.

The defendant further contended that, for the personal services of the plaintiff's wife, the plaintiff was not entitled to recover in this action, but for such services the action should be in the name of his wife. — The Court ruled and instructed the jury otherwise.

The verdict was for the plaintiff for $1118,80, and the defendant alleged exceptions.

*Wales Hubbard and S. Lancaster,* for the defendant.

*A. P. Gould,* for the plaintiff.

DANFORTH, J. — On appeals from the decision of commissioners of insolvent estates, the statutes provide what shall be the form of the action to be commenced, and that, on the trial of such action, the creditor may be examined on oath. R. S., c. 66, §§ 13 & 15. In all other respects, the course of proceedings and the principles upon which testimony is to be received or rejected, are the same as those applicable to ordinary actions at law. The statute gives no cause of action where none exists without it. In the case at bar, the notes were not indorsed by the payee, nor was there any proof of a promise by the maker to pay either of them to the plaintiff. In the absence of any statutory provision, we are aware of no principle of law by which such notes are, or ought to be sufficient to maintain the action. As the presiding Justice ruled otherwise, the exceptions upon this point must be sustained.

The plaintiff was admitted to testify generally, the defendant not having been offered as a witness. The statute provides that "the creditor may be examined on oath," &c. This does not give him the privilege of testifying in his own behalf as matter of right, but leaves it discretionary with the Court to require him to do so, on motion of the defendant, when the discovery of the truth seems to make it necessary. *Morse* v. *Page,* 25 Maine, 496; *Moore* v. *Taylor,* 44 N. H., 370.

In other respects we see no objections to the ruling of the Court. *Exceptions sustained.*

*New trial granted.*

APPLETON, C. J., CUTTING, DICKERSON and BARROWS, JJ., concurred.

WALTON and TAPLEY, JJ., concurred in the opinion, except that portion of it which pertains to the maintenance of the action upon the notes.